IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHARLOTTE HUDSON**                                                                                                    **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 3:20-cv-549-CWR-MTP**

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION          DEFENDANT**

### REPORT AND RECOMMENDATION

Plaintiff Charlotte Hudson brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security Administration denying her claim for disability insurance benefits. Having considered the parties submissions, the record, and the applicable law, the undersigned recommends that Plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's final decision be AFFIRMED, and this action be DISMISSED with prejudice.

### PROCEDURAL HISTORY

In September of 2018, Plaintiff applied for disability insurance benefits, alleging that she had been disabled since June 1, 2018, due to arthritis, severe back pain, anxiety, joint pain, limited mobility, "fluid," "concentration," "memory," blood clots, and high cholesterol. (Administrative Record [7] at 59-60; 120-21). After the agency denied Plaintiff's claim, an Administrative Law Judge ("ALJ") held a hearing, and on December 5, 2019, the ALJ issued a decision finding that Plaintiff was not disabled. ([7] at 15-23). Plaintiff then appealed the ALJ's decision to the Appeals Council. On January 9, 2020, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. ([7] at 5-7). Plaintiff now seeks judicial review in this Court under 42 U.S.C. § 405(g).

1

**ADMINISTRATIVE LAW JUDGE'S DECISION**

In his December 5, 2019, decision, the ALJ applied the five-step sequential analysis set forth in 20 C.F.R. § 404.1520(b)-(f)[1] and determined that Plaintiff was not disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2018, the alleged disability onset date. At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar degenerative disc disease and right shoulder degenerative joint disease. The ALJ found that two other medically determinable impairments—trigger finger on the left hand and left ankle sprain—were not severe. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 04, Subpart P, Appendix 1. ([7] at 17-18).

---

[1] This analysis requires the ALJ to make the following determinations:
(1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);
(2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);
(3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);
(4) whether the impairment prevents the claimant from doing past relevant work (if not, a finding of "not disabled" is made);
(5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. §§ 404.1520, 416.92. The burden of proof rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The ALJ then examined the record and determined that Plaintiff had the residual functional capacity ("RFC")[2] to "perform light work as defined in 20 CFR 404.1567(b)[3] except she can occasionally reach overhead with the right upper extremity." ([7] at 19). At step four, the ALJ found that Plaintiff was capable of performing past relevant work as an assistant principal. Accordingly, the ALJ found that Plaintiff was not disabled. ([7] at 22-23).[4]

## APPEALS COUNCIL'S DECISION

Plaintiff appealed the ALJ's decision and submitted additional evidence to the Appeals Council, which had not been presented to the ALJ.[5] Specifically, Plaintiff submitted a prescription for a quad cane dated October 22, 2018, from Plaintiff's treating physician, Dr. Louis Saddler. (Durable Medical Equipment Order [9-1]). The Appeals Council found that the prescription did not show a reasonable probability that it would change the outcome of the ALJ's decision and denied Plaintiff's request for review. ([7] at 5-7).

---

[2] "Residual Functional Capacity" is defined as the most an individual can still do despite the physical and/or mental limitations that affect what the individual can do in a work setting. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b).

[4] Because the ALJ found that Plaintiff could perform past relevant work (and therefore was not disabled), the ALJ did not continue to the fifth step of the sequential analysis.

[5] 20 C.F.R. § 404.970 permits a claimant to submit new evidence to the Appeals Council.

3

## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to determining whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established." *Id*. (citations omitted).

However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal citations and quotations omitted). Conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990). A court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against" the Commissioner's decision. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). If the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Selders,* 914 F.2d at 617. Moreover, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)).

## ANALYSIS

Plaintiff raises a single ground for relief: whether the Appeals Council erred in finding that the newly submitted evidence did not show a reasonable probability of changing the

outcome of the decision. As previously mentioned, when Plaintiff requested Appeal Council review of the ALJ's decision, she submitted a prescription for a cane, dated October 22, 2018, from her treating physician, which had not been presented to the ALJ. ([9-1]). The Appeals Council acknowledged the prescription, but found that it did not show a reasonable probability that it would change the outcome of the decision.

When the Appeals Council receives a request for review, it "may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge." 20 C.F.R. § 404.967. "The Appeals Council will review a case if—(1) There appears to be an abuse of discretion by the [ALJ]; (2) There is an error of law; (3) The action, findings or conclusions of the [ALJ] are not supported by substantial evidence; (4) There is a broad policy or procedural issue that may affect the general public interest; or (5) . . . the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a).

If new evidence was presented to the Appeals Council, a court will review the record as a whole, including the additional evidence, to determine whether the Commissioner's findings are supported by substantial evidence. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005); *see also Jones v. Astrue*, 228 Fed. App'x. 403, 406-07 (5th Cir. 2007 (cautioning against remanding cases based on new evidence presented to the Appeals Council without meaningful regard for the substantial evidence standard). A court should remand based on new evidence only if the new evidence is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination. *Higginbotham v. Branhart*, 163 Fed. App'x. 279, 281-82 (5th Cir. 2006).

According to Plaintiff, the Appeals Council erred in finding there was no reasonable probability that the prescription for a cane would have changed the outcome of the ALJ's decision. Plaintiff argues that the lack of a prescription was vital to the ALJ's decision. Plaintiff also argues that had the need for a cane been included in her RFC, it would have been determinative to Plaintiff's claim. Plaintiff points out that during the hearing before the ALJ, Plaintiff asked the vocational expert whether an individual (with the same age, education, vocational background, and RFC as Plaintiff) could perform Plaintiff's past work as an assistant principal if he or she had to use a cane "all the time," and the vocational expert testified that the individual could not perform such work. ([7] at 56-57).

The ALJ noted that there was "no record of the doctor providing a formal prescription for a cane." ([7] at 22). The record, however, reveals that the ALJ's finding concerning Plaintiff's need for a cane was not solely based on the lack of a prescription. The ALJ specifically pointed out that on October 22, 2018—the date of the subject prescription—Dr. Saddler noted: "Patient need[s] cane for balance." ([7] at 21; 352). The ALJ noted Plaintiff's use of a cane during the hearing and her testimony that the cane had been prescribed. ([7] at 20). The ALJ also noted Plaintiff's testimony that she used the cane all the time. ([7] at 20).

The ALJ, however, found that the objective medical records showed a pattern of Plaintiff maintaining normal gait and station without the use of a cane. ([7] at 21-22). The ALJ considered that on October 22, 2018, Dr. Saddler noted that Plaintiff was not using a cane and that her gait was "mildly antalgic." ([7] at 18; 306). On March 15, 2019, however, Dr. Saddler noted that Plaintiff's gait and station were normal and that she was "ambulating normally," with no mention of a cane or other assistive device. ([7] at 22; 368). The ALJ pointed out that

Plaintiff's status remained largely unchanged during visits with Dr. Sadder in May and July of 2019. ([7] at 22; 372; 377).

The ALJ also noted that on July 31, 2018, and nearly a year later, on July 2, 2019, Plaintiff was seen at a clinic and her gait was described as normal. ([7] at 18; 20; 261; 379). Additionally, on September 20 and 27, 2018, a doctor noted that Plaintiff "ambulates with no assistive devices." ([7] at 293-96).

Thus, while the ALJ did note that there was no record of a prescription for a cane, he also pointed to numerous additional reasons in the record that did not support Plaintiff's need for a cane. The new evidence does not undermine these additional reasons provided by the ALJ. *See Janice M. v. Comm'r, Soc. Sec. Admin.*, 2018 WL 7142180, at *5 (D. Or. Oct. 16, 2018) (holding that new evidence—a prescription for a walker—would not have changed the outcome of the ALJ's decision). The October 22, 2018, prescription is brief and provides much less medical information than that included in Dr. Saddler's notes from that same date,[6] which were part of the record before the ALJ. *See Sorensen v. Saul*, 2021 WL 805569, at *2 (W.D. Wis. Mar. 3, 2021) (holding that new evidence of a prescription for a cane did not add anything of significance to the evidence previously considered by the ALJ).

The record as a whole demonstrates that the Commissioner's decision is supported by substantial evidence, and it is not probable that the additional evidence submitted to the Appeals Council would have changed the outcome of the disability determination.

---

[6] Pursuant to SSA 96-9p, to establish that an assistive device is medically required, "there must be medical documentation establishing the need . . . and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain, and any other relevant information)." The subject prescription fails to show the circumstances in which Plaintiff would need to use a cane. *See Bunch v. Colvin*, 2017 WL 695257, at *7 (M.D. Fla Feb. 22, 2017).

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned finds that the Commissioner's decision is supported by substantial evidence and that no reversible error of law was committed by the Appeals Council. Accordingly, the undersigned recommends that Plaintiff's Motion for Summary Judgment [8] be DENIED, the Commissioner's final decision be AFFIRMED, and this action be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 23rd day of November, 2021.

s/ Michael T. Parker
United States Magistrate Judge
