IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHARLOTTE HUDSON**                                                                         **PLAINTIFF**

**V.**                          **CAUSE NO. 3:20-CV-549-CWR-MTP**

**COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION**                                          **DEFENDANT**

**ORDER ADOPTING REPORT AND RECOMMENDATIONS**

This matter is before the Court on submission of the Report and Recommendations entered by United States Magistrate Judge Michael T. Parker on November 23, 2021. Docket No. 12. Magistrate Judge Parker recommends that this Court deny Plaintiff's Motion for Summary Judgment, affirm the Commissioner's final decision denying disability benefits, and dismiss this action with prejudice. *Id.* The plaintiff objects. Docket No. 13.

The Court has reviewed *de novo* the Report and Recommendation and concludes that it should be adopted. Accordingly, Plaintiff's claim is dismissed with prejudice.

**I.**       **Factual and Procedural History**

Plaintiff Charlotte Hudson filed an application for disability benefits on September 21, 2018, for a period of disability starting June 1, 2018. Docket No. 7 ("Administrative Record" or "AR") at 59-60. In it, she alleged disability due to arthritis, severe back pain, anxiety, joint pain, limited mobility, "fluid," "concentration," "memory," blood clots, and high cholesterol. *Id.* This claim was denied on December 21, 2018. *Id.* at 15. Upon reconsideration in March 2019, it was denied again. *Id.* Hudson then filed a motion for a hearing, which was granted and held via video on November 20, 2019. *Id.* Hudson and Stephanie May, an impartial vocational expert, testified at the hearing. *Id.* The Administrative Law Judge denied Hudson's claim, and on December 5, 2019, issued his findings and conclusions of law. *Id.* at 17-23.

The ALJ found that Hudson has lumbar degenerative disc disease and right shoulder degenerative joint disease, which significantly limit her ability to perform basic work activities. *Id.* at 17-18. But, according to the ALJ, the impairments do not meet the degree of severity required under the Social Security Act and Hudson could still perform the essential functions of her prior job as an assistant principal. *Id.* at 18-22. Hudson's other maladies would have no more than a minimal effect on her ability to work, claimed the ALJ. *Id.* at 17-18.

Hudson's treating physician, Dr. Louis Saddler, issued a number of work-related limitations for Hudson. For example, she would need to change positions every 30 minutes; could not lift or carry more than 10 pounds; could only sit two hours in an eight-hour workday; could only stand two hours in an eight-hour workday; and would miss more than three days of work per month. *Id.* at 21. The ALJ found these restrictions inconsistent with Dr. Saddler's own treatment notes which indicated Hudson had a "normal gait and station." And despite Dr. Saddler's claim that Hudson needed a cane for balance, his treatments notes never mentioned the use of any assistive devices.

Hudson appealed the ALJ's decision denying her claim for disability benefits. In her appeal, Hudson submitted a prescription for a quad cane dated October 22, 2018—new evidence, that had not been presented to the ALJ. The Appeals Council found that the prescription did not show a reasonable probability of changing the outcome of the ALJ's decision and denied Hudson's request for review.

Magistrate Judge Parker also reviewed the claim and recommended that Hudson's claim be dismissed with prejudice. Hudson disagrees. Hence, the present response in opposition to the Magistrate Judge's recommendation.

**II.    Legal Standard**

> [O]n appeal from a decision of an administrative law judge, a reviewing court limits itself to two questions: (1) whether there is substantial evidence in the record to support the decision and (2) whether the decision comports with relevant legal standards.

*Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (citations and quotations omitted). And "conflicts in the evidence are to be resolved by the Commissioner, not the courts." *Oddo v. Astrue*, No. 1:09-CV-323-LG-RHW, 2010 U.S. Dist. LEXIS 105978, 2010 WL 3937627, *1 (S.D. Miss. Oct. 4, 2010) (citations omitted). Moreover, "'procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F. 3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F. 2d 1362, 1364 (5th Cir. 1988)).

**III.    Discussion**

Hudson presents one argument for judicial review: whether the Appeals Council erred in finding that her prescription for a cane did not have a reasonable probability of changing the outcome of the ALJ's decision. This Court reviewed the record, including the additional evidence, to determine whether the ALJ's decision is supported by substantial evidence and otherwise comports with the law. It does.

Hudson argues that the prescription for a cane is determinative as to ambulation and renders her disabled under Rule 202.06 of the Medical-Vocational Guidelines, given her age, education, previous work experience, and "presuming no transferable skills."

The ALJ noted that Hudson used a cane during her hearing, although there was no "record of the doctor providing a formal prescription for a cane." AR at 22. Still, he credited Hudson's testimony that the cane was prescribed to her by her primary care doctor the prior year; that she

3

uses the cane all the time, even around the house; and that the cane does hurt her shoulder, but she does not use it for long periods. *Id.* at 20. Specifically, the ALJ stated that Hudson's subjective allegations are partially consistent with the medical evidence. *Id.* at 22. The ALJ also acknowledged that Dr. Saddler did indeed note that Hudson needs a cane for balance. *Id.* at 21. Ultimately, however, the ALJ rested his decision, in part, on Hudson's medical records, which contradict Hudson's alleged troubles with ambulation. For example, medical records reflect "tenderness" and a "decreased range of motion" but also a "normal gait and station" without mention of the use of a cane or any other assistive device. *Id.* at 22. One doctor explicitly noted that Hudson was "ambulating with no assistive devices." *Id.* at 296. Thus, the ALJ concluded that the medical records demonstrate that her ability to ambulate is not impaired. *Id.* at 22. At a minimum, the ALJ points to credible medical findings to support his decision, and under the Court's limited review, this constitutes substantial evidence. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

      Hudson also argues that the cane prescription is critical because the vocational expert testified that someone requiring a cane at all times could not perform Hudson's previous job as an assistant principal. AR at 56. But, as mentioned above, the ALJ found that such a requirement as it applies to Hudson is inconsistent with her medical records. And further, the vocational expert testified that all of Hudson's work-related limitations preclude her from working as an assistant principal, special education schoolteacher, or any other job in the national economy. Docket No. 7 at 53-54. The Administrative Law Judge considered this testimony and concluded otherwise. Two other medical consultants advised that Hudson was capable of medium exertional work, which the ALJ determined over-stated Hudson's work-related abilities. Thus, the ALJ accepted neither the vocational expert's opinion that Hudson could not even perform light exertion work, nor the two

medical experts' opinion that Hudson could perform medium exertional work and instead concluded that Hudson could perform light work and occasional reaching. *See id.* at 19. There is nothing to suggest that the ALJ was required to accept the vocational expert's opinion over others. And the law is clear: conflicts in the evidence are to be resolved by the ALJ, not the courts. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). Based on this Court's review, the ALJ's decision comports with the law and is supported by substantial evidence.

### IV.     Conclusion

For these reasons, the Commissioner's final decision is AFFIRMED, Hudson's Motion for Summary Judgment is DENIED, and this action is DISMISSED with prejudice. A separate Final Judgment shall issue.

**SO ORDERED**, this the 28th day of January, 2022.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE